Case Nos. 20-16176, 20-16256
_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

Zachary Silbersher, Relator, *Plaintiff-Appellant*,
and
United States of America et al., Ex Rel., *Plaintiffs*,
v.
Valeant Pharmaceuticals International, Inc.; Valeant Pharmaceuticals
International; Salix Pharmaceuticals, Ltd.; Salix Pharmaceuticals, Inc.;
Dr. Falk Pharma GmbH, *Defendants-Appellees.*

_____

Zachary Silbersher, Relator, *Plaintiff-Appellee*,
and
United States of America et al., Ex Rel., *Plaintiffs*,
v.
Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals
International, Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc.,
*Defendants*, and Dr. Falk Pharma GmbH, *Defendant-Appellant.*

_____

Appeal from the United States District Court for the Northern District of California
Civil Case No. 3:18-cv-01496-JD (Honorable James Donato)
_____

## DEFENDANTS-APPELLEES' MOTION TO STAY THE ISSUANCE OF MANDATE
_____

**HUESTON HENNIGAN LLP**
Moez M. Kaba (CA Bar No. 257456)
Padraic W. Foran (CA Bar No. 268278)
Daniel C. Sheehan (CA Bar No. 312268)
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
Tel.: 213-788-4340
*Attorneys for Defendants-Appellees Valeant
Pharmaceuticals International, Inc.,
Valeant Pharmaceuticals International,
Salix Pharmaceuticals, Ltd., and Salix
Pharmaceuticals, Inc.*

### TABLE OF CONTENTS

Page

INTRODUCTION ................................................. 1

BACKGROUND ................................................ 1

LEGAL STANDARD........................................... 3

ARGUMENT ..................................................... 4

    I.    A Certiorari Petition Would Present Substantial
Questions of Law.................................................. 4

    A.    The Panel's Opinion Conflicts with Numerous Courts of
Appeal............................................................. 4

    B.    The Panel's Opinion Decides an Important Question of
Federal Law that Should Be Settled by the Supreme
Court............................................................ 9

    II.    Good Cause Exists for a Stay ............................ 11

CONCLUSION ................................................. 11

# TABLE OF AUTHORITIES

Page(s)

## **Cases**

*A-1 Ambulance Serv., Inc. v. California*,
  202 F.3d 1238 (9th Cir. 2000) ...................................................................8

*Bellevue v. Universal Health Servs. of Hartgrove, Inc.*,
  867 F.3d 712 (7th Cir. 2017) .....................................................................5

*Bryant v. Ford Motor Co.*,
  886 F.2d 1526 (9th Cir. 1989) ...................................................................3

*U.S. ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*,
  2022 WL 17818587 (2d Cir. Dec. 20, 2022)..............................................4

*U.S. ex rel. Doe v. Staples, Inc.*,
  773 F.3d 83 (D.C. Cir. 2014).....................................................................6

*U.S. ex rel. Findley v. FPC-Boron Employees' Club*,
  105 F.3d 675 (D.C. Cir. 1997)...................................................................7

*U.S. ex rel. Fine v. Sandia Corp.*,
  70 F.3d 568 (10th Cir. 1995) .....................................................................7

*U.S. ex rel. Found. Aiding The Elderly v. Horizon W.*,
  265 F.3d 1011 (9th Cir. 2001) ...................................................................8

*U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*,
  469 F. App'x 244 (4th Cir. 2012)...............................................................5

*U.S. ex rel. Mateski v. Raytheon Co.*,
  816 F.3d 565 (9th Cir. 2016) ...............................................................8, 10

*U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*,
  812 F.3d 294 (3d Cir. 2016) ......................................................................5

*U.S. ex rel. Osheroff v. Humana Inc.*,
  776 F.3d 805 (11th Cir. 2015) ...................................................................6

*U.S. ex rel. Rahimi v. Rite Aid Corp.*,
  3 F.4th 813 (6th Cir. 2021) ........................................................................5

TABLE OF AUTHORITIES (cont.)

Page(s)

*U.S. ex rel. Reed v. KeyPoint Gov't,*
 *Sols.*, 923 F.3d 729 (10th Cir. 2019) .......................................................5

*U.S. ex rel. Solomon v. Lockheed Martin Corp.*,
 878 F.3d 139 (5th Cir. 2017) .................................................................5

*U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential*
 *Ins. Co.*,
 944 F.2d 1149 (3d Cir. 1991) .................................................................7

*U.S. ex rel. Winkelman v. CVS Caremark Corp.*,
 827 F.3d 201 (1st Cir. 2016)...............................................................4, 7

*United States v. CSL Behring, L.L.C.*,
 855 F.3d 935 (8th Cir. 2017) .................................................................5

*United States v. Pete*,
 525 F.3d 844 (9th Cir. 2008) .................................................................3

*Visciotti v. Martel*,
 862 F.3d 749 (9th Cir. 2016) .................................................................9

*Walburn v. Lockheed Martin Corp.*,
 431 F.3d 966 (6th Cir. 2005) .................................................................7

**Statutes**

28 U.S.C. § 2101(f).................................................................................1

**Rules**

Fed. R. App. P. 41 ...............................................................................1, 3

Fed. R. App. P. 26.1 ...............................................................................1

Ninth Circuit Rule 41-1 .....................................................................1, 2, 3

- iii -

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendants-Appellees Valeant Pharmaceuticals International (now known as Bausch Health Americas, Inc.), Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc. state that they are wholly owned indirect subsidiaries of Defendant-Appellee Valeant Pharmaceuticals International, Inc. (now known as Bausch Health Companies Inc.), a publicly held company.

Dated: January 11, 2024        _____

                                Moez M. Kaba

## INTRODUCTION

Pursuant to 28 U.S.C. § 2101(f), Federal Rule of Appellate Procedure 41, and Ninth Circuit Rule 41-1, Defendants-Appellees Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, Salix Pharmaceuticals, Ltd., and Salix Pharmaceuticals, Inc. (collectively, "Valeant") respectfully request an order staying issuance of the mandate in this case for 90 days while Valeant determines whether to file a petition for a writ of *certiorari* in the United States Supreme Court.[1]

This Court should stay the mandate because (1) Valeant's *certiorari* petition would present substantial questions of law and (2) good cause exists for a stay. See Fed. R. App. P. 41(d)(1). As explained below, Valeant respectfully submits that this Court's decision conflicts with decisions of numerous U.S. Courts of Appeal and raises questions of federal law that should be settled by the Supreme Court. Thus, a *certiorari* petition would not be frivolous or filed merely for purposes of delay. *See* Ninth Cir. R. 41-1.

## BACKGROUND

Plaintiff-Appellant Zachary Silbersher brought this False Claims Act case seeking damages from Defendants-Appellees for allegedly making false claims for

---

[1] Plaintiff-Appellant Zachary Silbersher opposes this Motion.

- 1 -

payment to the federal government. In short, Silbersher alleged that Defendants-Appellees fraudulently obtained certain patents that allowed Valeant to charge an "artificially high price" for the drug Apriso. *See* Am. Op. at 17.

Valeant filed a motion to dismiss under Rule 12(b)(6) based on the public disclosure bar and the complaint's failure to plead a false claim, materiality, or fraud with particularity. 2-ER-237. The district court granted the motion based on the public disclosure bar. 1-ER-3-20. It held that all the allegations or transactions in the complaint were disclosed independently in multiple sources. 1-ER-16-17. It further held that Silbersher had not added any material facts and was therefore not an original source. 1-ER-20. Rather than file an amended complaint, Silbersher appealed. 2-ER-26-27.

On August 3, 2023, the panel issued its opinion reversing the district court's dismissal and remanding for further proceedings. The panel observed that certain publicly disclosed documents revealed the "true state of facts," and certain other publicly disclosed documents revealed the "misrepresented state of facts." Op. at 26–28. The panel further observed that those documents, in combination, revealed the material elements of the alleged fraudulent transaction. *Id.* However, the panel held that because no single document "show[ed] the full picture" of the alleged fraudulent transaction, the public disclosure bar was not triggered. *Id.* at 28.

The panel amended its opinion on January 5, 2024. In its amended opinion,

the panel modified its language regarding the necessity of all facts being disclosed in a single document. *See* Am. Op. at 27–29. However, the panel identified the same public disclosures that the original opinion had identified. As in the original opinion, the panel held that Silbersher evaded the public disclosure bar because he "filled the gaps by stitching together the material elements of the allegedly fraudulent scheme," even though such material elements were disclosed across "scattered" documents. Am. Op. at 29. The panel again reversed the district court and remanded for further proceedings.

## LEGAL STANDARD

Under Federal Rule of Appellate Procedure 41(d)(1), "[a] party may move to stay the mandate pending the filing of a petition for a writ of *certiorari* in the Supreme Court" if the petition "would present a substantial question and [] there is good cause for a stay." "No exceptional circumstances need be shown to justify a stay." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). Rather, a stay is merited unless "the petition for certiorari would be frivolous or filed merely for delay." Ninth Cir. R. 41-1; *see also United States v. Pete*, 525 F.3d 844, 851 (9th Cir. 2008) (stating it is "often the case" that mandates are stayed while seeking certiorari from the Supreme Court).

# **ARGUMENT**

## I.  **A *Certiorari* Petition Would Present Substantial Questions of Law**

The Supreme Court will consider granting a petition for a writ of *certiorari* when, among other reasons, (1) "a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter," or (2) "a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by th[e] Supreme] Court."  Sup. Ct. R. 10(a), (c).  Both factors are present here:

### A.  The Panel's Opinion Conflicts with Numerous Courts of Appeal

The panel's opinion concerns dismissal of False Claims Act claims under that statute's public disclosure bar. The panel holds that a *qui tam* claim is foreclosed only if the facts underpinning the claim have been publicly disclosed entirely within a single source.[2]

Valeant believes the panel's amended opinion creates a conflict with eleven

---

[2] The amended opinion deletes language expressly stating that the panel's reasoning turns on disclosures being spread across different documents.  However, the substance of the panel's reasoning remains the same as in the original opinion.  The amended opinion identifies the same public disclosures as were identified in the original opinion.  *Compare* Am. Op. at 27–29 *with* Op. at 26–28.  Those are the disclosures that, in the original opinion, the panel acknowledged disclosed all the material elements of the alleged fraudulent transaction.  *See* Op. at 26–28.  The amended opinion identifies no fact or element of the alleged fraudulent transaction that was missing from the publicly disclosed sources and that Silbersher contributed.

other U.S. Courts of Appeal. As each of the eleven other U.S. Courts of Appeal to consider the issue has held, the public disclosure bar can be triggered by disclosures spread across multiple different sources. *See, e.g.*, *U.S. ex rel. Winkelman v. CVS Caremark Corp.*, 827 F.3d 201, 208 (1st Cir. 2016) (the "misrepresented state of facts" and the "true state of facts" "may originate in different sources, as long as they lead to a plausible inference of fraud when combined." (cleaned up)); *U.S. ex rel. CKD Project, LLC v. Fresenius Med. Care Holdings, Inc.*, 2022 WL 17818587, at *3 (2d Cir. Dec. 20, 2022) (bar triggered by disclosures through multiple different SEC filings); *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 303 (3d Cir. 2016) (bar triggered by disclosures across multiple different sources, with the "misrepresented state of facts" disclosed in FOIA documents and the "true state of facts" disclosed in news articles and emails); *U.S. ex rel. Jones v. Collegiate Funding Servs., Inc.*, 469 F. App'x 244, 257 (4th Cir. 2012) (bar triggered by disclosures through multiple different SEC filings); *U.S. ex rel. Solomon v. Lockheed Martin Corp.*, 878 F.3d 139, 144–46 (5th Cir. 2017) (bar triggered by "three potentially relevant public disclosures" that in combination permitted inference of fraud); *U.S. ex rel. Rahimi v. Rite Aid Corp.*, 3 F.4th 813, 824 (6th Cir. 2021) ("[A] public disclosure can also be piecemeal so long as the multiple sources of information reveal the allegation of fraud and its essential elements."); *Bellevue v. Universal Health Servs. of Hartgrove, Inc.*, 867 F.3d 712, 718–19 (7th Cir. 2017)

(determining that "the audit report and letters provided a sufficient basis to infer that [defendant] was presenting false information to the government"); *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 944 (8th Cir. 2017) ("[W]e consider 'public disclosures contained in different sources' as a whole to determine whether they collectively 'provide information that leads to a conclusion of fraud.'"); *U.S. ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 749 (10th Cir. 2019) (bar triggered by combination of disclosures in a lawsuit and separate publicly disclosed matters); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 812–14 (11th Cir. 2015) (bar triggered by disclosures through multiple sources, including prior litigation records in combination with news media); *U.S. ex rel. Doe v. Staples, Inc.*, 773 F.3d 83, 86–87 (D.C. Cir. 2014) (bar triggered by combined disclosure of "misrepresented state of facts" in customs declarations in public database and separate disclosure of "true state of facts" in two public Federal reports).

In holding that the public disclosure bar can be triggered only by disclosures within a single document, the panel has broken with every one of the eleven other U.S. Courts of Appeal to pass on the issue. This circuit split merits Supreme Court review.

Separately and independently, the amended opinion creates a circuit split on the issue of what information a relator must contribute to evade dismissal under the public disclosure bar. The amended opinion does not identify any non-publicly

disclosed material fact or element that Silbersher presented in his complaint. On the contrary, the amended opinion acknowledges that the only contribution Silbersher made was to "fill[] the gaps" in his fraud allegation "by stitching together the material elements of the allegedly fraudulent scheme," even though the amended opinion acknowledges that these "material elements" had been publicly disclosed. Am. Op. at 29.

Every U.S. Court of Appeals that has considered such a theory has rejected it. Those Courts of Appeal have held that if the material elements of an alleged fraudulent transaction are publicly disclosed, the public disclosure bar forecloses a claim, notwithstanding any further work a relator does to "stitch[] together" the elements. *See, e.g.*, *Winkelman*, 827 F.3d at 209 ("A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed."); *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1160 (3d Cir. 1991) ("[T]he relator must possess substantive information about the particular fraud, rather than merely background information which enables a putative relator to understand the significance of a publicly disclosed transaction or allegation."); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 975 (6th Cir. 2005) ("The allegations and transactions forming the basis of a *qui tam* have been disclosed when enough information exists in the public domain

to expose the fraudulent transaction or the allegation of fraud. When the misrepresented state of facts and a true state of facts have been disclosed, there is enough information in the public domain to give rise to an inference of impropriety." (cleaned up)); *U.S. ex rel. Fine v. Sandia Corp.*, 70 F.3d 568, 572 (10th Cir. 1995) ("[T]he public disclosure of the material elements of the fraudulent transaction bars *qui tam* actions even if the disclosure itself does not allege any wrongdoing."); *U.S. ex rel. Findley v. FPC-Boron Employees' Club*, 105 F.3d 675, 688 (D.C. Cir. 1997) ("If a relator merely uses his or her unique expertise or training to conclude that the material elements already in the public domain constitute a false claim, then a *qui tam* action cannot proceed."). The panel's amended opinion creates a split with these circuits on the question of what new information a relator must contribute to evade the public disclosure bar.

In fact, even the Ninth Circuit itself has held—in cases cited in the amended opinion—that disclosure of the material elements of an alleged fraudulent transaction triggers the public disclosure bar, notwithstanding any work by a relator to "stich[] together" those material elements. *See, e.g.*, *U.S. ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 571 (9th Cir. 2016) ("For purposes of the public disclosure bar, we have held that '[t]he substance of the disclosure ... need not contain an explicit 'allegation' of fraud, so long as the material elements of the allegedly fraudulent 'transaction' are disclosed in the public domain.'" (quoting *U.S.*

*ex rel. Found. Aiding The Elderly v. Horizon W.*, 265 F.3d 1011, 1014 (9th Cir. 2001))); *A-1 Ambulance Serv., Inc. v. California*, 202 F.3d 1238, 1245 (9th Cir. 2000) ("A relator's ability to recognize the legal consequences of a publicly disclosed fraudulent transaction does not alter the fact that the material elements of the violation already have been publicly disclosed.").

Because of the conflicts between the panel's amended opinion and the opinions of other Courts of Appeal, a petition for *certiorari* would present substantial questions of law appropriate for review by the Supreme Court. *See Visciotti v. Martel*, 862 F.3d 749, 773 (9th Cir. 2016) ("Whether the decision below conflicts with decisions of other courts appears to be the paramount factor at the certiorari stage.").

B.  The Panel's Opinion Decides an Important Question of Federal Law that Should Be Settled by the Supreme Court

In addition, the panel's amended opinion decides an important question of federal law that should be settled by the Supreme Court. Valeant believes that the panel's amended opinion is inconsistent with decisions of the Supreme Court that address the public disclosure bar. Notwithstanding such inconsistencies, the Supreme Court has not directly addressed the issues raised by the panel's opinion, including how to determine whether certain qualifying public disclosures reveal "substantially the same … allegations or transactions" as are alleged in a *qui tam*

- 9 -

complaint. *See* Am. Op. at 25. Specifically, the Supreme Court has not considered whether, as the panel here holds, the public disclosure bar can only be triggered if the "true state of facts" and the "misrepresented state of facts" are disclosed in a single source. That is an important question of federal law that should be settled by the Supreme Court. The panel's proffered rule would, Valeant submits, invite inconsistent and arbitrary rulings from district courts, who would be forced for the first time to police the boundaries of what constitutes a single "disclosure."

The Supreme Court has also not considered whether, as the panel here holds, a relator can avoid dismissal under the public disclosure bar by "stitching together the material elements of the allegedly fraudulent scheme," where such material elements were previously publicly disclosed. Am. Op. at 29. That is also an important question of federal law that should be settled by the Supreme Court. As this Court has held, the public disclosure bar "is intended to encourage suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant information of their own to contribute." *Mateski*, 816 F.3d at 570. Contrary to this precedent, the panel's reasoning would immunize FCA claims from dismissal even when all the material elements of fraudulent "transactions" have been previously disclosed. These consequences raise important questions that the Supreme Court should resolve.

**II.      Good Cause Exists for a Stay**

A stay of the issuance of the mandate will conserve the resources of the district court and the parties and will preserve the status quo while Valeant determines whether to petition for *certiorari* and (should Valeant petition) while the Supreme Court considers this case.  The district court proceedings have been stayed pending issuance of the mandate.  In the absence of a stay, the parties and the district court would be moving forward under the legal framework provided by the panel's decision, which could be modified or abandoned altogether should Valeant petition for, and the Supreme Court grant, *certiorari*.  In the event that Valeant seeks *certiorari*, the important questions that would be raised in the *certiorari* petition should first be considered and resolved by the Supreme Court before the parties and district court continue to litigate this case.  It would not be in the best interests of judicial economy, nor in the best interest of the parties, for this Court to issue the mandate in this case before resolution of a *certiorari* petition, should Valeant file one.

## <u>CONCLUSION</u>

For the foregoing reasons, Valeant respectfully requests that this Court stay the issuance of the mandate for 90 days while Valeant determines whether to seek *certiorari* in the United States Supreme Court.

- 11 -

Dated: January 11, 2024              Respectfully submitted,

HUESTON HENNIGAN LLP

By: _____

    Moez M. Kaba
    Padraic W. Foran
    Daniel C. Sheehan
    *Attorneys for Defendants-Appellees*
    *Valeant Pharmaceuticals International,*
    *Inc., Valeant Pharmaceuticals*
    *International, Salix Pharmaceuticals,*
    *Ltd., and Salix Pharmaceuticals, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: January 11, 2024        HUESTON HENNIGAN LLP

By: _____

Moez M. Kaba
*Attorney for Defendants-Appellees Valeant*
*Pharmaceuticals International, Inc., Valeant*
*Pharmaceuticals International, Salix*
*Pharmaceuticals, Ltd., and Salix*
*Pharmaceuticals, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Circuit Rules 32-1 and 40-1, the foregoing Motion to Stay the Issuance of the Mandate is proportionally spaced, has a typeface of 14 points or more, and contains 2,591 words.

Dated: January 11, 2024

                                 Moez M. Kaba